# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1860V
(Unpublished)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| CONSTANCE CRABTREE, | * * * | Special Master Katherine E. Oler |
| Petitioner, | * * | |
| v. | * * | Filed: May 19, 2020 |
| | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Renée Gentry*, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for Petitioner.
*Lisa Watts*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION DISMISSING PETITION**[1]

**I.**   **Procedural History**

On December 1, 2017, Constance Crabtree ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed a Chiari malformation as a result of the Fluvarin vaccination she received on January 9, 2015.  Pet. at 1-2, ECF No. 1.  Petitioner filed a statement of completion on March 23, 2018.  ECF No. 15.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On November 4, 2019, Petitioner filed an expert report from Dr. Noel Peterson (a naturopathic doctor). Ex. 12, ECF No. 28. On April 14, 2020, Respondent filed a responsive expert report from Dr. Michael Wilson (a neurologist), disputing Petitioner's claim that she had a Chiari malformation and that a Chiari malformation can develop after vaccination. *See* Ex. A, ECF No. 31. I held a status conference with the parties on April 17, 2020 in which I informed Petitioner I found Dr. Wilson's expert report to be highly persuasive and do not think that Petitioner has the injury she alleges. *See* Minute Entry on 4/17/2020; *see also* Scheduling Order on 4/17/2020, ECF No. 32. During the status conference, I requested that Ms. Gentry inform her client of my views regarding her case. Scheduling Order on 4/17/2020, ECF No. 32. Ms. Gentry requested 30 days to file a status report on how Petitioner would like to proceed. *Id.* I granted that request. *Id.*

On May 18, 2020, Petitioner filed a status report informing the Court of her intent to file a Motion to Dismiss within the week. ECF No. 33. On May 19, 2020, Petitioner filed the instant motion to dismiss her petition, stating "An investigation of the facts and science supporting has demonstrated to the Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 1, ECF No. 34.

## II.     Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's Motion for Decision Dismissing Her Petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

                                                                **s/ Katherine E. Oler**
                                                                Katherine E. Oler
                                                                Special Master